UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID PEPIN,

       Plaintiff,

v.

WISCONSIN CENTRAL LTD, d/b/a CN,

       Defendant.

Case No. 2:19-cv-00042

Honorable Hala Y. Jarbou
Magistrate Judge Maarten Vermaat

---

| | |
|---|---|
| Arvin J. Pearlman (P18743) <br> Benjamin J. Wilensky (P75302) <br> SOMMERS SCHWARTZ, P.C. <br> One Towne Square, 17th Floor <br> Southfield, MI 48076 <br> (248) 355-0300 <br> apearlman@sommerspc.com <br> bwilensky@sommerspc.com <br><br> David L. Blunt <br> BLUNT SLOCOMB, LTD. <br> P.O. Box 373 <br> Edwardsville, IL 62025 <br> dlb@bluntlaw.com <br><br> *Attorneys for Plaintiff* | Mary C. O'Donnell (P33479) <br> WISE CARTER CHILD & <br> CARAWAY, P.A. <br> 28 W. Adams Ave. <br> Grand Park Centre, Suite 1700 <br> Detroit, MI 48226 <br> (313) 552-3534 <br> mco@wisecareter.com <br><br> Charles H. Russell III <br> WISE CARTER CHILD & <br> CARAWAY, P.A. <br> 401 East Capitol Street <br> Heritage Building, Suite 600 <br> Jackson, MS 39201 <br> (601) 968-5580 / (601) 968-5593 <br> chr@wisecarter.com <br><br> *Attorneys for Defendant* |

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS FOR FRAUD ON THE COURT**

---

Plaintiff's Response and Brief (ECF Nos. 119, 120, PageID.683-698) opposing the Motion to Dismiss filed by Defendant Wisconsin Central Ltd. ("WCL") (ECF No. 102, PageID.509-511), and the subsequent Supplement thereto (ECF No. 122, PageID.770-771), serve only to solidify the

EXHIBIT "1"

basis for WCL's motion—that Plaintiff has deleted posts from his Facebook account responsive to WCL's requests for documents and within the purview of this Court's Order compelling the production of same, and that his deposition testimony that he had never deleted any such posts was false. Plaintiff's belated and sham offer to provide WCL "full access" to his Facebook account does not rectify the problem of posts, known or unknown, which have been deleted. Because it is clear that Plaintiff has sought to get rid of evidence he felt harmed the positions he has taken in this litigation, the case should be dismissed as a sanction under FED. R. CIV. P. 37(b)(2)(A) and this Court's inherent authority to protect the sanctity of the judicial process.

I.  **Plaintiff has now admitted to the deletion of at least two Facebook posts responsive to discovery requests.**

   A.  **May 6, 2017 post.**

In the Supplement to his Brief, Plaintiff addresses a Facebook post dated May 6, 2017, identified on page 4 of Exhibit 5 to WCL's Brief (ECF No. 103-5, PageID.577) which is the day after the purportedly career-ending alleged incident that is one of the alleged incidents at issue in Plaintiff's lawsuit. The post—the **day after** the alleged second incident—states that Plaintiff on that date had "[b]lasted over 1,700 rounds" with his kids, shows pictures of the kids holding guns, and refers to "Fun Times and Memories out at Camp." (ECF No. 103-5, PageID.577.)

In his Brief filed on May 4, 2021, Plaintiff stated that his "recollection of the day is that he spent it in pain, in bed." (ECF No. 120, PageID.692, n.5.) In the Supplement filed the next day, Plaintiff "fully retract[ed] footnote #5"[1] and stated that, "upon reflection, and discussing the post with his wife and children, Plaintiff's recollection of the day was refreshed," and he "now recalls that while he was in significant pain that day," he was nevertheless "able to supervise his children

---

[1] The Brief containing said fully-retracted footnote, however, remains of public record. A corrected brief has not been submitted.

and their friends while they were practicing their shooting." (ECF No. 122, PageID.770.) Plaintiff also stated in his Supplement that he does "now recall[] creating that Facebook post."[2] (ECF No. 122, PageID.770.) However, Plaintiff also admits that he "cannot currently locate that post on his Facebook account," although he claims "he does not have any recollection of deleting that post." (ECF No. 122, PageID.770.)

Of course, as set forth in WCL's initial Brief, once a Facebook post is deleted, no one can recover it. (ECF No. 103, PageID.521, n.15.) Thus, Plaintiff's inability to locate the post on his account simply confirms what WCL had already established—that this post, which clearly raises questions as to the reliability of Plaintiff's assertions of a permanently disabling work injury the previous day, was deleted.

Yet at his deposition, when asked whether his testimony was that he had not "deleted any posts from [his] Facebook account," he stated, "**I did not delete any posts from Facebook.**" (ECF No. 103-4, PageID.565-566, Depo. pages 117-118.)

**B.    Post about Narcan.**

At that same deposition, Defense Counsel requested the following information:

> We would ask that all of Mr. Pepin's posts on social media regarding medical treatment before the two reported incidents, all of his posts about medical treatment after the two reported incidents, and all posts about medical providers who treated you for the two reported incidents, that they all be produced. I would think that comes within the judge's order, but I'm willing to give the benefit of the doubt, and ask that you do that now.

---

[2] In the now-retracted footnote 5, Plaintiff stated he did "not recall making this post on May 6, 2017 and does not believe that he would have made any such post on that date." (ECF No. 120, PageID.692.) The footnote goes so far as to question the authenticity of the post and basically, as admitted by Plaintiff's counsel in his Supplement, "insinuate[s] that Defendant or its counsel altered, edited, or created" the post. (ECF No. 122, PageID.771.) WCL and its counsel appreciates the apology submitted by Plaintiff's counsel in the Supplement (ECF No. 122, PageID.771) now that Plaintiff has recalled that he did, in fact, create the post.

3

(ECF No. 103-4, PageID.566, Depo. page 119.) Counsel then followed up with this request in Defendant's Notice of Video *Duces Tecum* Continued Deposition of Plaintiff David Pepin, Via Zoom, served February 24, 2021 (*see* Exhibit 1 hereto), as well as in an email (Exhibit 2 hereto).

Despite being fully aware that WCL had requested that any posts about his medical treatment be produced, Plaintiff nevertheless admits in his Brief that **he deleted just such a post**. In his Brief, Plaintiff states that, "[s]ince the time of his last deposition"—the deposition where medical treatment posts were requested—"Plaintiff wrote **and subsequently deleted** one Facebook post that indicated that Plaintiff was taking prescribed Narcan." (ECF No. 120, PageID.688, n.1 (emphasis added).) Although he asserts that this was to keep people from breaking into his house for narcotics if they saw his "now public" post, he could have simply hidden it from his public timeline but still produced it. Indeed, as discussed in WCL's initial brief, there remain numerous posts of which WCL was previously aware that now remain hidden from view and were not produced by Plaintiff despite being ordered by the Court to do so.

**II.   Plaintiff's offer of "full access" to his Facebook account is unacceptable and does not undo either the prejudice suffered by Plaintiff's refusal to produce social media posts timely or the problem of the deletion of relevant and responsive posts.**

On the day Plaintiff's Response was filed, his counsel emailed WCL's counsel and provided Plaintiff's Facebook log-in information, stating that this would "give full access to his Facebook page and messages." (*See* Exhibit 3 hereto.) Of course, this does not give access to deleted posts which even Plaintiff can no longer review. Moreover, it is simply not prudent for WCL's counsel to have access to Plaintiff's Facebook account. Should any of Plaintiff's Facebook information subsequently be changed or deleted, Plaintiff could simply claim that this somehow happened while WCL's counsel had access to his account. Such an offer is simply unacceptable, and WCL's counsel confirmed this in an email to Plaintiff's counsel that same day. (Exhibit 3 hereto.)

4

Because the offer is unacceptable and because it does not address the problem of deleted posts, it does nothing to address the prejudice Plaintiff's manipulation of evidence has caused. (ECF No. 103, PageId.520.)

WCL submits that, should the Court not simply dismiss based on the evidence of misconduct already submitted (and in some cases admitted to by Plaintiff as discussed herein), then a forensics expert should be hired at Plaintiff's expense to review all of Plaintiff's social media accounts.[3]

### III. Plaintiff relies on an inapplicable standard regarding "fraud on the court."

In his response, Plaintiff sets forth various factors that must be proved to establish "fraud on the court." (ECF No. 120, PageID.690 (citing *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)).) He then focuses on the one factor that such fraud must be conducted by an "officer of the court" and thus, because WCL had stated it did not believe Plaintiff's counsel were involved in withholding and destroying responsive evidence, this element was not met. (ECF No. 120, PageID.696-697.)

But Plaintiff's discussion of these factors addresses the standard to be applied when a court is reviewing fraud in the context of a party seeking relief from a final judgment under FED. R. CIV. P. 60(b), not as to sanctions. The Sixth Circuit, in *Williamson v. Recovery Limited Partnership*,

---

[3] Although WCL believes that Plaintiff's misconduct is worthy of the ultimate sanction of dismissal, as discussed in its Brief (ECF No. 103, PageID.521), at the very least monetary sanctions are warranted, including the expense of the expert to determine the extent of Plaintiff's actions. In addition, in accordance with Fed. R. Civ. P. 37(b) and (e), the Court should order that certain facts are established, including but not limited to: (i) that Plaintiff engaged in wilful, bad faith conduct by failing to comply with this Court's order to produced certain information; (ii) that the May 6, 2017 post and all other posts that were the subject of the Court's order are authentic and admissible at trial; and (iii) that Plaintiff testified falsely under oath in his deposition when he testified he did not delete any Facebook posts. This Court should also order that Plaintiff's continued deposition has no time limitation.

5

826 F.3d 297 (6th Cir. 2016), after setting forth the same elements as discussed in Plaintiff's Brief that had been relied on by the District Court in that case, noted the distinction as follows:

> The problem with applying this test is that the fraud-on-the-court doctrine deals with courts' inherent power to vacate their judgments, whereas this case involves a court's inherent power to sanction for misconduct in litigation.
>
> ... Dispatch imported the fraud-on-the-court test—used to decide whether a judgment should be vacated—into this case involving sanctions, and the district court applied that test. Although the Supreme Court's decision in *Chambers* [*v. NASCO, Inc.*, 501 U.S. 32 (1991),] mentioned fraud on the court as an example of bad faith, the fraud-on-the-court doctrine is not applicable in this case because this case involves a court's inherent power to sanction.

*Williamson*, 826 F.3d at 302. *See also Plastech Holding Corp. v. WM Greentech Automotive Corp.*, 257 F. Supp. 3d 867, 872 n.6 (E.D. Mich. 2017) ("the Sixth Circuit has explained that the factor analysis developed around that doctrine" [referring to fraud on the court for vacating judgment under Rule 60(b)], "is not applicable when a case involves 'a court's inherent power to sanction for misconduct in litigation'") (quoting *Williamson*, 826 F.3d at 302)).

### IV.     Plaintiff was warned about disruption and delay.

Finally, Plaintiff was in fact warned about the consequences of his actions. First, WCL's Motion and Brief provided ample warning that dismissal might occur. *See Southern Wabash Communications, Ltd. v. Union County Broadcasting Co., Inc.*, No. 02-5006, 69 Fed. App'x 285, 291 (6th Cir. 2003) (contention that party "had no notice or warning about the dismissal" was "without merit" as the opposing party's motion had "specifically requested dismissal as a possible sanction," so the party therefore "had 'some notice' of the possible dismissal").

Further, Judge Jarbou warned Plaintiff on Friday, April 30th, before he filed his Response, that his continued conduct of delay would not be tolerated. Nevertheless, four days later, he filed a Response to WCL's Motion in which he admitted to having deleted Facebook posts, despite his

testimony to the contrary at his deposition, and despite said posts being responsive to the Court's Order and to subsequent document requests.

## CONCLUSION

For the reasons stated herein, as well as the evidence and arguments submitted by WCL in its initial Motion and Brief,[4] Defendant Wisconsin Central Ltd. respectfully requests this Court to dismiss Plaintiff's Complaint with Prejudice.

                              Respectfully submitted,

Dated: May 10, 2021         By: /s/ *Charles H. Russell, III*
                                  Charles H. Russell, III, Esq.
                                  WISE CARTER CHILD & CARAWAY, P.A.
                                  401 East Capitol Street
                                  Heritage Building, Suite 600
                                  Jackson, MS 39201
                                  (601) 968-5580
                                  chr@wisecarter.com

                                  and

                                  Mary C. O'Donnell (P33479)
                                  WISE CARTER CHILD & CARAWAY, P.A.
                                  28 West Adams Ave.
                                  Grand Park Centre, Suite 1700
                                  Detroit, MI 48226
                                  (313) 552-3535
                                  mco@wisecarter.com

                                  *Attorneys for Defendant Wisconsin Central Ltd.*

---

[4] ECF No. 102, PageID.509-511; ECF No. 103, PageID.512-587 (which includes Exhibits at ECF No. 103-1 through ECF No. 103-6).

## CERTIFICATE OF SERVICE AND COMPLIANCE

    I, Charles H. Russell, III, one of the attorneys for Defendant Wisconsin Central Ltd. hereby certifies that on the date shown below, I served the foregoing **Brief in Support of Defendant's Motion for Leave to File Reply Brief in Support of Its Motion to Dismiss for Fraud on the Court** with the Clerk of the Court by using the Court's CM/ECF system which then will send notification of such filing upon all counsel of record. I declare that the statement above is true to the best of my knowledge and information.

    I, Charles H. Russell, III, further certify that the foregoing **Brief in Support of Defendant's Motion for Leave to File Reply Brief in Support of Its Motion to Dismiss for Fraud on the Court** contains 1902 words according to Microsoft Word for Microsoft 365 MSO (16.0), as per W.D. MICH. LCIVR. 7.3(b)(ii).

Dated: May 10, 2021                           */s/ Charles H. Russell, III*
                                                      CHARLES H. RUSSELL, III

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID PEPIN,

    Plaintiff,

v.

WISCONSIN CENTRAL LTD, d/b/a CN,

    Defendant.

Case No. 2:19-cv-00042

Honorable Hala Y. Jarbou

---

| | |
|---|---|
| Arvin J. Pearlman (P18743)<br>Benjamin J. Wilensky (P75302)<br>SOMMERS SCHWARTZ, P.C.<br>One Towne Square, 17th Floor<br>Southfield, MI 48076<br>(248) 355-0300<br>apearlman@sommerspc.com<br>bwilensky@sommerspc.com<br><br>David L. Blunt<br>BLUNT SLOCOMB, LTD.<br>P.O. Box 373<br>Edwardsville, IL 62025<br>dlb@bluntlaw.com<br><br>*Attorneys for Plaintiff* | Mary C. O'Donnell (P33479)<br>WISE CARTER CHILD &<br>CARAWAY, P.A.<br>28 W. Adams Ave.<br>Grand Park Centre, Suite 1700<br>Detroit, MI 48226<br>(313) 552-3534<br>mco@wisecareter.com<br><br>Charles H. Russell III<br>WISE CARTER CHILD &<br>CARAWAY, P.A.<br>401 East Capitol Street<br>Heritage Building, Suite 600<br>Jackson, MS 39201<br>(601) 968-5580 / (601) 968-5593<br>chr@wisecarter.com<br><br>*Attorneys for Defendant* |

---

## DEFENDANT'S NOTICE OF VIDEO *DUCES TECUM* CONTINUED DEPOSITION OF PLAINTIFF DAVID PEPIN, VIA ZOOM

TO: All Counsel of Record

    PLEASE TAKE NOTICE that defendant, Wisconsin Central Ltd, d/b/a CN, acting through counsel, Wise Carter Child & Caraway, P.A., will take the continued *duces tecum* video

Exhibit "1"

deposition, upon oral examination of ***David Pepin*** on ***Wednesday, March 10, 2021 at 12:00 p.m. EST***. The video deposition will take place via ZOOM.

Demand is hereby made upon plaintiff to produce at the time of his deposition the following documents:

1. Plaintiff's federal, state and local income tax returns and all schedules for the last five (5) years;

2. Any photographs or videotape relating to the subject matter of plaintiff's complaint or any photographs or videotape that plaintiff's counsel anticipates may be used at the time of Trial;

3. Any and all photographs of plaintiff participating in recreational activities, hobbies, vacations, family outings, and parties;

4. Any and all social media posts which show plaintiff participating in recreational activities, hobbies, vacations, family outings, and parties;

5. Laser prints or duplicate prints of any and all photographs, video tape, or other recording plaintiff may later seek to introduce at Trial;

6. Any statement, either written or recorded, from any person having knowledge of the subject matter of plaintiff's Complaint;

7. Any records or reports relating to the subject matter of plaintiff's complaint;

8. All records of any business, real estate, and/or rental property in the individual or joint name of plaintiff during the last five (5) years;

9. All records of any bank, credit union or other financial or joint name of plaintiff during the last five (5) years, including but not limited to all check registers, check carbons or cancelled checks received back by plaintiff from any financial institution;

10. All records relating to any and all credit cards in the individual or joint name of plaintiff during the last five (5) years, including but not limited to all statements, charge accounts receipts and other such records;

11. Copies of any documents, reports, or other written material plaintiff may seek to introduce as exhibits at Trial;

12. Copies of any documents, reports or other materials which purportedly support any claim for economic damages;

13. Any and all documents which plaintiff claims refute and/or address WCL's affirmative defenses;

14. Any and all electronic communications (e.g., texts, emails, etc.) regarding the claimed incidents and plaintiff's claimed damages;

15. All documents referenced in and/or supporting plaintiff's discovery responses;

16. Plaintiff's AFLAC application and any and all correspondence between plaintiff and AFLAC;

17. Electronic communications, including but not limited to emails, texts, social media, between plaintiff and any other person other than his counsel after the first alleged incident (2/15/16) regarding work conditions, plaintiff's alleged incidents, plaintiff's alleged injuries, plaintiff's alleged disabilities, plaintiff's physical activities, plaintiff's physical abilities (or alleged lack thereof), and plaintiff's recreational activities;

18. All photographs of plaintiff taken by any person since the date of the first alleged incident (2/15/16);

19. Information requested regarding plaintiff's social media accounts;

20. Social media posts regarding medical treatment plaintiff received before and after his reported incidents (where plaintiff testified that he posted on social media accounts regarding medical treatment he received for his spine before and after his reported incidents); and

21. Social media posts regarding plaintiff's dietary habit (where plaintiff testified that he posted on social media concerning his dietary habits, i.e., food/meals he was eating).

Respectfully submitted,

Dated: February 24, 2021

By: /s/ Mary C. O'Donnell
Mary C. O'Donnell (P33479)
WISE CARTER CHILD &
CARAWAY, P.A.
28 W. Adams Ave.
Grand Park Centre, Suite 1700
Detroit, MI 48226
(313) 552-3534

3

Charles H. Russell, III, Esq.
*(pro hac vice)*
WISE CARTER CHILD &
CARAWAY, P.A.
401 East Capitol Street
Heritage Building, Suite 600
Jackson, MS 39201

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Mary C. O'Donnell, certify that on the date shown below, I served a copy of the foregoing **Defendant's Notice of Video *Duces Tecum* Continued Deposition of Plaintiff David Pepin, Via Zoom** on all counsel of record via email.

The statement above is true to the best of my knowledge and information.

Dated: February 24, 2021

Mary C. O'Donnell

4

| | |
|---|---|
| **From:** | Mary O'Donnell |
| **Sent:** | Tuesday, March 9, 2021 1:10 PM |
| **To:** | 'Pearlman, Arvin J'; Wilensky, Benjamin J; Heythaler-Rymill, Julie |
| **Cc:** | Charles Russell |
| **Subject:** | Pepin:  Documents Requested |

Counselors,

At plaintiff's deposition on Feb 19, 2021, we requested the following documents (the cites are to the transcript pages where we made the requests):
*Plaintiff's 2019 tax return (pgs. 7 and 13)(we requested this previously in RFPD, in the NOD, and again at the dep; despite the representation in the NOD Response (and Arvin's expression of surprise at the dep), plaintiff has NOT provided this);
*the date(s) of the Cedar Hill record plaintiff testified that he reviewed in preparation for his deposition (pgs. 22, 31);
*Mrs. Pepin's cell phone number (pgs. 36-38);
*all social media posts about plaintiff's medical care regarding and after each of the two reported incidents (pg. 119; also in the second NOD, para. 20);
*evidence that Mrs. Pepin submitted the bills from the most recent trip to Mayo (and the bills)(pgs. 123-124);
*any and all unpaid medical bills, paid co-pays and out of pocket expenses (pgs. 125-128);
*document evidencing plaintiff's drug plan (pg. 129);
*all photos from fundraiser (pg. 134);
*documents evidencing both the "retroactive" payment from the RRB as well as the monthly RRB payments (pg. 135-136);
*all social media posts regarding plaintiff's dietary habits (pg. 143; also in the second NOD, para. 21); and
*all records relative to the "Playful Pleasures and Treasures" business (pg. 145 and in RFPDs).

Please forward these documents by the COB (EST) today.

Thank you.

MARY C. O'DONNELL
SHAREHOLDER

28 W. Adams
Grand Park Centre, Suite 1700
Detroit, MI 48226
P: 313.552.3534
mco@wisecarter.com

# WISE CARTER

The preceding e-mail is privileged and confidential and is intended only for the named addressee.  If you received this message in error, please delete it and notify the sender by return e-mail or by phone at the numbers noted above.

```
                              EXHIBIT "2"
```

**From:** Charles Russell <chr@wisecarter.com>
**Sent:** Tuesday, May 4, 2021 4:40 PM
**To:** Wilensky, Benjamin J <BWilensky@sommerspc.com>; Mary O'Donnell <mco@wisecarter.com>
**Cc:** Pearlman, Arvin J <APearlman@sommerspc.com>
**Subject:** RE: Pepin v. Wisconsin Central Ltd.

Ben:

We do not agree to this proposal.  Plaintiff's response to Defendant's motion to dismiss incorrectly states that "Plaintiff has fixed the issue by providing Defendant with full access to his account."   The conditions in your email below do not provide Defendant full access to Plaintiff's account.  I ask that you file an amended response correcting this misstatement and attaching your email below.  Thank you for your attention to this matter.

**CHARLES RUSSELL**
SHAREHOLDER
P.O. Box 651
Jackson, MS 39205-0651
401 E Capitol St. 600 Heritage Building
Jackson, MS 39201
P: 601.968-5580
F: 601.968.5593
chr@wisecarter.com

**WISE CARTER**

The preceding e-mail is privileged and confidential and is intended only for the named addressee.  If you received this message in error, please delete it and notify the sender by return e-mail or by phone at the numbers noted above.

Circular 230 Disclosure: Pursuant to U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communications, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.  If you would like a written opinion upon which you can rely for the purpose of avoiding penalties, please contact us.

**From:** Wilensky, Benjamin J <BWilensky@sommerspc.com>
**Sent:** Tuesday, May 4, 2021 10:58 AM
**To:** Charles Russell <chr@wisecarter.com>; Mary O'Donnell <mco@wisecarter.com>
**Cc:** Pearlman, Arvin J <APearlman@sommerspc.com>
**Subject:** Pepin v. Wisconsin Central Ltd.

<<< EXTERNAL SENDER: This email is from someone outside WCCC's email system. Do not click links, open attachments, or provide your user ID/password unless you *trust* the source and *know* the contents are safe.>>>

Counsel,

In light of the matters you have raised in your motion to dismiss, we are providing you with Mr. Pepin's Facebook login and password, which will give full access to his Facebook page and messages.  We are providing the same to you under the condition that you only view those messages and posts which fall within the time frame ordered by the Court – i.e., from February 15, 2015 to the present, and that you do not create or delete any posts or messages, or change any of the settings on the account.  By providing you with this access, we do not waive any objections to the admissibility of materials therein, whether for relevance or any reason.  Additionally, to the extent that Plaintiff's Facebook account, including his messages, contain information about discussions with counsel, we do not intend for disclosure of that information to act as a waiver of privilege or other protections, and we do not waive any applicable privileges or evidentiary protections.

1

EXHIBIT "3"

If you do not agree to these terms, please let us know immediately, and do not access the account.  Otherwise, Mr. Pepin's login information is as follows:

Login: ▓▓▓▓▓▓▓
Password: ▓▓▓▓▓

Ben

**Benjamin J. Wilensky**

**Sommers Schwartz, P.C.**
One Towne Square, 17th Floor | Southfield, MI 48076
Tel: (248) 355-0300  | Fax: (248) 936-2144
[www.railroadinjurylaw.com](www.railroadinjurylaw.com)



This electronic message transmission contains information from the law firm Sommers Schwartz, P.C. that we consider to be confidential or privileged. The information is intended solely for the recipient and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone (01.248.355.0300) or by electronic mail (emails@sommerspc.com). Thank you.