UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID PEPIN,

    Plaintiff,

v.

WISCONSIN CENTRAL LTD, d/b/a CN,

    Defendant.

Case No. 2:19-cv-00042

Honorable Hala Y. Jarbou
Magistrate Judge Maarten Vermaat

---

| | |
|---|---|
| Arvin J. Pearlman (P18743)<br>Benjamin J. Wilensky (P75302)<br>SOMMERS SCHWARTZ, P.C.<br>One Towne Square, 17th Floor<br>Southfield, MI 48076<br>(248) 355-0300<br>apearlman@sommerspc.com<br>bwilensky@sommerspc.com | Mary C. O'Donnell (P33479)<br>WISE CARTER CHILD &<br>CARAWAY, P.A.<br>28 W. Adams Ave.<br>Grand Park Centre, Suite 1700<br>Detroit, MI 48226<br>(313) 552-3534<br>mco@wisecareter.com |
| David L. Blunt<br>BLUNT SLOCOMB, LTD.<br>P.O. Box 373<br>Edwardsville, IL 62025<br>dlb@bluntlaw.com<br><br>*Attorneys for Plaintiff* | Charles H. Russell, III<br>Jeremy L. Birdsall<br>WISE CARTER CHILD &<br>CARAWAY, P.A.<br>401 East Capitol Street<br>Heritage Building, Suite 600<br>Jackson, MS 39201<br>(601) 968-5580 / (601) 968-5593<br>chr@wisecarter.com<br><br>*Attorneys for Defendant* |

---

**BRIEF SUPPORTING DEFENDANT'S RENEWED
MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S FINANCIAL RECORDS**

## CONCISE STATEMENT OF REASONS SUPPORTING THE MOTION

Wisconsin Central Ltd, ("WCL") asks this Court to exercise its broad discretion with respect to a discovery matter and compel plaintiff to produce his debit and credit card records from 2015 to the present.

On November 23, 2020, WCL filed its Motion to Compel seeking, among other things, plaintiff's credit card and debit card records for the last five years. (ECF No. 85, PageID.395).

WCL argued that it needed these financial records because they would show whether, and to what extent, plaintiff had lost his ability to earn a living and enjoy his life, as he alleged in his Complaint. (Motion to Compel Brief, ECF No. 86, PageID.436-38).

On December 22, 2020, the Court entered an Order on WCL's Motion to Compel, granting it in part, and denying it in part. (ECF No. 93, PageID.488). As concerns plaintiff's financial records, the Court stated: "**Defendant's Motion to Compel Discovery of Financial Information is Denied But May Be Renewed at a Later Date**." (Order, ECF No. 93, PageID.491) (emphasis supplied). The Order further states that the Court "would re-evaluate its ruling" if WCL "learns that Pepin was earning income or engaging in activities that were inconsistent with his claims." (ECF. No. 93, PageID.493).

There is now substantial and compelling evidence that shows plaintiff "was earning income or engaging in activities that were inconsistent with his claims." Consequently, WCL's Renewed Motion to Compel Production of Plaintiff's Financial Records should be granted.

## RELEVENT FACTUAL BACKGROUD

Plaintiff filed this Federal Employers' Liability Act action against his employer, WCL, alleging two separate workplace incidents -- occurring on February 15, 2016 and May 5, 2017 -- rendered him permanently disabled and incapable of gainful employment. (Complaint, ECF No.

2

1, PageID.2-7). Plaintiff alleges that he has lost the "ability to lead a normal and healthy life, free from impairment and mental distress and anxiety" and "has been unable to carry on his normal daily activities, enjoyment of life and avocations without impairment, and may be unable to do so in the future." (*Id.* at PageID.7).

On November 3, 2020, WCL served plaintiff with Defendant's Re-Notice of Discovery Deposition *Duces Tecum* of Plaintiff David Pepin, Via Zoom ("Re-Notice") seeking, among other things, plaintiff's debit and credit card records and social media posts of "plaintiff participating in recreational activities, hobbies, vacations, family outings, and parties." (Re-Notice, ECF No. 103-2, PageID.527-29).

On November 13, 2020, plaintiff served his objections to the Re-Notice and refused to produce his social media posts and financial records. (Plaintiff's Responses to Document Requests in Notice of Taking Deposition of David Pepin, ECF No. 103-3, PageID.531-32).

On November 23, 2020, WCL filed its Motion to Compel seeking the items listed in the Re-Notice, including plaintiff's credit card and debit card records for the last five years. (Motion to Compel Brief, ECF No. 86, PageID.436-38). WCL argued that it needed these records because they would show whether, and to what extent, plaintiff had lost his ability to earn a living and enjoy his life. (*Id.*, at PageID.437).

On December 22, 2020, the Court granted WCL's Motion to Compel, in part, and ordered plaintiff to produce any and all photographs and social media posts which show him "participating in recreational activities, hobbies, vacations, family outings, and parties." (Order, ECF No. 93, PageID.490). The Court also ordered production of social media between plaintiff and any other person other than his counsel regarding "plaintiff's physical activities" and "recreational activities." (*Id.*, at Page.ID.494).  The Court limited the production to non-privileged materials in

3

plaintiff's possession, custody or control that were created from February 15, 2015 to present. (*Id.*).

On January 21, 2021, plaintiff produced one-hundred and thirty-six (136) photographs that show him engaged in a host of recreational activities. Many of these posts are from **after February 15, 2016** (date of first alleged incident). By way of example and not an exhaustive list, attached as **Exhibit 1** are photographs showing plaintiff fishing on August 11, 2016, August 15, 2016, August 6, 2017, August 18, 2017, and May 1, 2020 (PL-0119, 124, 137-38, 208). Below is the photograph plaintiff produced that shows him fishing on August 15, 2016.



(Ex. 1, PL-0124).

**Exhibit 1** also includes photographs of plaintiff deer hunting on November 25, 2016, October 4, 2019, and October 5, 2019. (Ex. 1, PL-0127, 0191-93). Below is the photograph that plaintiff produced that shows him hunting on October 4, 2019.



(Ex. 1, PL-0191).

**Exhibit 1** contains other photographs and/or social media posts showing plaintiff engaged in recreational and/or physical activities that are inconsistent with his claim that he has lost the "ability to lead a normal and healthy life" and been "unable to carry on his normal daily activities,

enjoyment of life and avocations without impairment." (Complaint, ECF No. 1, PageID.7). Below is a list of these photographs.

- Visiting Lambeau Field in Green Bay, Wisconsin on July 31, 2016, December 30, 2018, August 2, 2019, and August 8, 2019 (PL-0115-16, 161-62, 179-82);

- Riding amusement park rides on August 5, 2016 and September 7, 2019 (PL-0118, 0188-89); and

- Traveling by floatplane on August 13, 2018 (PL-0120-123).

Plaintiff's January 21, 2021 production also included text messages between him and his wife. Some of these texts call into question plaintiff's claim that he is incapable of earning income. (ECF. No. 93, PageID.493). Below are four consecutive texts plaintiff received from his wife on November 11, 2020, which collectively read as follows:

> I don't want to burst your bubble babe but **we need to make damn sure you working** an [sic] regular work **won't stop your disability**. You are on the total and permanent disability. Not occupational disability. Which seems you unable [sic] to work in any regular job.

(Ex. 2, PL-0076-77) (emphasis supplied).[1]

On February 15, 2021, plaintiff produced **redacted** copies of posts on his Facebook Messenger account.[2] **Exhibit 4** attached to this Brief are examples of unredacted Facebook messages that reference recreational activities such as:

- camping in June 2018 ((FB.Messenger-0290-91);

- camping in Canada in August 2018 (FB.Messenger-0231);

---

[1] The text messages produced contained redactions even though the December 22, 2020 Order did not provide for them. And while the Order required production of only "non-privileged communications" plaintiff never produced a Privilege Log explaining the subject matter and bases for redactions. Nor did plaintiff ever move for Protective Order regarding the texts.

[2] The Facebook Messenger posts were also redacted without a Privilege Log. Some examples of redacted Facebook Messenger posts are attached hereto as **Exhibit 3.** (FB.Messenger-0251-54).

- camping at Wells Park in September 2018 (FB.Messenger-0242); and
- camping in July 2019 (FB.Messenger-0185).

Despite these productions, there are still some Facebook posts that **plaintiff is either unwilling or unable to produce in compliance with the Court's December 22, 2020 Order.** WCL is aware of these posts because it made a partial download of plaintiff's Facebook page when it was public. (Motion to Dismiss Brief, ECF No. 103, PageID.515). These Facebook posts further contradict plaintiff's allegations that he has lost the "ability to lead a normal and healthy life" and is "unable to carry on his normal daily activities, enjoyment of life and avocations without impairment." (Complaint, ECF No. 1, PageID.7). Below are ten (10) **examples** of posts that should have been produced but were not.

| Date | Activity Shown on Facebook -- But Not Produced |
|---|---|
| 06/11/2016 | Attending Monster Truck Event |
| 09/23/2016 | Camping at Wells Park |
| 10/16/2016 | Hayride |
| 11/15/2016 | Hunting Camp |
| 05/06/2017 | Shooting 1700 rounds of Ammo |
| 06/13/2017 | Go-Karts |
| 01/07/2018 | Ice Fishing |
| 03/04/2018 | Escape room |
| 05/06/2018 | Shooting guns |
| 05/11/2018 | Camping |

The above ten posts are shown in **Exhibit 5** and attached hereto.[3] The most striking of these Facebook posts was made on May 6, 2017, **the day after plaintiff claims he sustained a career ending on-the-job injury that rendered him permanently and totally disabled**. Below is a copy of this post.

---

[3] A more complete list of the Facebook posts that should have been produced, but were not, appears as Exhibit 6 to WCL's Motion to Dismiss for Fraud on the Court. (Ex. 6, ECF No. 103-6, PageID.583-587).



## ARGUMENT

The Court expressly stated that WCL may renew its Motion to Compel production of plaintiff's financial records "at a later date." (Order, ECF No. 93, PageID.491). The December 22, 2020 Order further states that the Court "would re-evaluate its ruling" on the production of financial records if WCL "learns that Pepin [plaintiff] was earning income or engaging in activities that were inconsistent with his claims." (ECF. No. 93, PageID.493).

In that there is now substantial and compelling evidence that shows plaintiff has frequently engaged in activities inconsistent with his claims, WCL's Renewed Motion to Compel is proper. (Order, ECF No. 93, PageID.491).

WCL acknowledges that W.D. MICH. LCIVR 7.4(a) references the standard applicable to Motions for Reconsideration and provides the following:

> Generally, and **without restricting the discretion** of the Court, motions for reconsideration which merely present the same issues ruled upon by the court shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the

8

>parties have been misled, but also that a different disposition of the case must result from a correction thereof.

(emphasis supplied).

In *Nunnally v. Woods*, No. 2016 2:12-CV-378, 2016 WL 951011, at *1 (W.D. Mich. Mar. 13, 2016), the Court acknowledged that a renewed motion is different than a motion for reconsideration. In *Nunnally*, the Court denied defendant's motion for reconsideration of an Order denying Summary Judgment on grounds that it could not adequately interpret the evidence presented. *Id*. The Court, however, allowed defendant to file a "renewed" motion for summary judgment, which was ultimately granted. *Id*.

Here, as in *Nunnally*, the Court allowed WCL to file a renewed motion, which is precisely what WCL has done. In doing so, WCL is asking the Court to exercise its "broad discretion" with respect to a discovery matter and require plaintiff produce his debit and credit card records from 2015 to the present. *John B v. Goetz*, 531 F.3d 448, 458-59 (6th Cir. 2008) (district courts generally maintain broad discretion in matters of discovery).

WCL has learned of substantial and compelling evidence that plaintiff has engaged in activities inconsistent with his claims that he had lost his ability to earn a living and enjoy his life. Plaintiff's financial records are relevant and discoverable because they would show whether, and to what extent, plaintiff had lost his ability to earn a living and enjoy his life, as he alleged in his Complaint. *See* Brief Supporting Motion to Compel, ECF No. 86, PageID.437-38 (collecting cases granting motion to compel production of plaintiff's financial records).

## **CONCLUSION**

For the foregoing reasons, Wisconsin Central Ltd.'s requests that the Court enter an Order compelling plaintiff to produce his debit and credit card records from 2015 to the present.

Respectfully submitted,

Dated: May 10, 2021                             By: /s/ Jeremy L. Birdsall
    Charles H. Russell, III
    Jeremy L. Birdsall
    WISE CARTER CHILD & CARAWAY, P.A.
    401 East Capitol Street
    Heritage Building, Suite 600
    Jackson, MS 39201
    (601) 968-5580
    chr@wisecarter.com

    and

    Mary C. O'Donnell (P33479)
    WISE CARTER CHILD & CARAWAY, P.A.
    28 West Adams Ave.
    Grand Park Centre, Suite 1700
    Detroit, MI 48226
    (313) 552-3535
    mco@wisecarter.com

    *Attorneys for Defendant Wisconsin Central Ltd.*

**CERTIFICATE OF SERVICE AND COMPLIANCE**

  I, Jeremy L. Birdsall, one of the attorneys for Defendant Wisconsin Central Ltd. hereby certifies that on the date shown below, I served the foregoing **Brief Supporting Defendant's Renewed Motion to Compel Production of Plaintiff's Financial Records** with the Clerk of the Court by using the Court's CM/ECF system which then will send notification of such filing upon all counsel of record. I declare that the statement above is true to the best of my knowledge and information.

  I, Jeremy L. Birdsall, further certify that the foregoing **Brief Supporting Defendant's Renewed Motion to Compel Production of Plaintiff's Financial Records** contains 1794 words according to Microsoft Word for Microsoft 365 MSO (16.0), as per W.D. MICH. LCIVR. 7.3(b)(ii).


Dated: May 10, 2021          */s/ Jeremy L. Birdsall*
                 JEREMY L. BIRDSALL