UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID PEPIN,

      Plaintiff,

v.

WISCONSIN CENTRAL LTD, d/b/a CN,

      Defendant.

Case No. 2:19-cv-00042

Honorable Hala Y. Jarbou

___

| | |
|---|---|
| Arvin J. Pearlman (P18743)<br>Benjamin J. Wilensky (P75302)<br>SOMMERS SCHWARTZ, P.C.<br>One Towne Square, 17th Floor<br>Southfield, MI 48076<br>(248) 355-0300<br>apearlman@sommerspc.com<br>bwilensky@sommerspc.com<br><br>David L. Blunt<br>BLUNT SLOCOMB, LTD.<br>P.O. Box 373<br>Edwardsville, IL 62025<br>dlb@bluntlaw.com<br><br>*Attorneys for Plaintiff* | Mary C. O'Donnell (P33479)<br>WISE CARTER CHILD &<br>CARAWAY, P.A.<br>28 W. Adams Ave.<br>Grand Park Centre, Suite 1700<br>Detroit, MI 48226<br>(313) 552-3534<br>mco@wisecareter.com<br><br>Charles H. Russell III<br>WISE CARTER CHILD &<br>CARAWAY, P.A.<br>401 East Capitol Street<br>Heritage Building, Suite 600<br>Jackson, MS 39201<br>(601) 968-5580 / (601) 968-5593<br>chr@wisecarter.com<br><br>*Attorneys for Defendant* |

___

**DEFENDANT'S NOTICE OF CONTINUATION OF**
**<u>VIDEO DEPOSITION *DUCES TECUM* OF PLAINTIFF DAVID PEPIN, VIA ZOOM</u>**

TO:  All Counsel of Record

     PLEASE TAKE NOTICE that Defendant, Wisconsin Central Ltd, d/b/a CN, acting through counsel, Wise Carter Child & Caraway, P.A., will take the continued video deposition *duces*

*tecum*, upon oral examination of **David Pepin** beginning at 8:00 a.m. Eastern Standard Time on **Friday, May 28, 2021**. The video deposition will take place via ZOOM.

Demand is hereby made upon Plaintiff to produce at the time of his deposition the following documents:

1. The name, address, telephone number and email address of the person who the Plaintiff met with on November 10, 2020, at 2:00 p.m., which was discussed between Plaintiff and his spouse on November 11, 2020, as it relates to "any regular work that won't disqualify [Plaintiff's]…" "…total and permanent disability" "not occupational disability" reflected in the text messages and Facebook Messenger communications produced by Plaintiff;

2. Any and all evidence of Plaintiff's attempts to obtain employment after May 5, 2017, whether in the form of an in-person meeting, a virtual meeting, telephone conversation, text message, social media communication, or any direct application with any company's website/online application process, including but not limited to all applications, resumes, letters, or requests for employment of any kind, whether in paper format, electronically stored information, text messages, social media communications, photographs, etc.;

3. Any and all photographs of Plaintiff participating in recreational activities, hobbies, vacations, family outings, and parties which have not previously been produced pursuant to this Court's Order entered December 22, 2020 [Dkt #93] and in response to the prior Notices of Deposition;

4. Any and all social media posts which show plaintiff participating in recreational activities, hobbies, vacations, family outings, and parties which have not previously been produced pursuant to this Court's Order entered December 22, 2020 [Dkt #93] and in response to the prior Notices of Deposition;

5. All records of any bank, credit union or other financial or joint name of plaintiff during the last five (5) years, including but not limited to all check registers, check carbons or cancelled checks received back by plaintiff from any financial institution which have been requested in the prior Notices of Deposition;

6. All records relating to any and all credit cards in the individual or joint name of plaintiff during the last five (5) years, including but not limited to all statements, charge accounts receipts and other such records which have been requested in the prior Notices of Deposition;

7. Copies of any documents, reports or other materials which purportedly support any claim for economic damages which have been requested in the prior Notices of Deposition which have been requested in the prior Notices of Deposition;

8. Any and all documents which plaintiff claims refute and/or address WCL's affirmative defenses which have been requested in the prior Notices of Deposition;

9. Any and all electronic communications (e.g., texts, emails, etc.) regarding the claimed incidents and plaintiff's claimed damages which have not previously been produced pursuant to this Court's Order entered December 22, 2020 [Dkt #93] and in response to the prior Notices of Deposition;

10. All documents referenced in and/or supporting plaintiff's discovery responses and supplemental discovery responses, if any;

11. Electronic communications, including but not limited to emails, texts, social media, between plaintiff and any other person other than his counsel after the first alleged incident (2/15/16) regarding work conditions, plaintiff's alleged incidents, plaintiff's alleged injuries, plaintiff's alleged disabilities, plaintiff's physical activities, plaintiff's physical abilities (or alleged lack thereof), and plaintiff's recreational activities which have not previously been produced pursuant to this Court's Order entered December 22, 2020 [Dkt #93] and in response to the prior Notices of Deposition;

12. All photographs of plaintiff taken by any person since the date of the first alleged incident (2/15/16) which have not previously been produced pursuant to this Court's Order entered December 22, 2020 [Dkt #93] and in response to the prior Notices of Deposition;

13. Information regarding plaintiff's social media accounts which have not previously been produced pursuant to this Court's Order entered December 22, 2020 [Dkt #93] and in response to the prior Notices of Deposition;

14. Social media posts regarding medical treatment plaintiff received before and after his reported incidents (where plaintiff testified that he posted on social media accounts regarding medical treatment he received for his spine before and after his reported incidents) which have not previously been produced pursuant to this Court's Order entered December 22, 2020 [Dkt #93] and in response to the prior Notices of Deposition which have not previously been produced pursuant to this Court's Order entered December 22, 2020 [Dkt #93] and in response to the prior Notices of Deposition; and

15. Social media posts regarding plaintiff's dietary habits (where plaintiff testified that he posted on social media concerning his dietary habits, i.e., food/meals he was eating) which have not previously been produced pursuant to this Court's Order entered December 22, 2020 [Dkt #93] and in response to the prior Notices of Deposition.

        Respectfully submitted,

Dated:  May 17, 2021      By:  */s/ Charles H. Russell, III*
      Charles H. Russell, III, Esq.
      *(pro hac vice)*
      WISE CARTER CHILD & CARAWAY, P.A.
      401 East Capitol Street
      Heritage Building, Suite 600
      Jackson, MS 39201

      Mary C. O'Donnell (P33479)
      WISE CARTER CHILD & CARAWAY, P.A.
      28 W. Adams Ave.
      Grand Park Centre, Suite 1700
      Detroit, MI  48226
      (313) 552-3534
      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Charles H. Russell, certify that on the date shown below, I served a copy of the foregoing **Defendant's Notice of Continuation of Video Deposition *Duces Tecum* of Plaintiff David Pepin, Via Zoom** to the following counsel of record via email:

David Lee Blunt, Esq.
dlb@bluntlaw.com; nicoleb@bluntlaw.com

The statement above is true to the best of my knowledge and information.

Dated:  May 17, 2021      */s/ Charles H. Russell, III*
      (*pro hac vice*)