UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID PEPIN,

    Plaintiff,

v.

WISCONSIN CENTRAL LTD, d/b/a CN,

    Defendant.

Case No. 2:19-cv-00042

Honorable Hala Y. Jarbou
Magistrate Judge Marteen Vermaat

___

David L. Blunt
BLUNT SLOCOMB, LTD.
P.O. Box 373
Edwardsville, IL 62025
dlb@bluntlaw.com

Paul T. Slocomb
BLUNT SLOCOMB, LTD.
1115 Locust Street, 4th Floor
St. Louis, MO 63101
Phone: (314)753-4364
Fax: (314)231-0323
paulslocomb@yahoo.com

*Attorneys for Plaintiff*

Mary C. O'Donnell (P33479)
WISE CARTER CHILD & CARAWAY, P.A.
28 W. Adams Ave.
Grand Park Centre, Suite 1700
Detroit, MI 48226
(313) 552-3534
mco@wisecareter.com

Charles H. Russell III
Jeremy L. Birdsall
WISE CARTER CHILD & CARAWAY, P.A.
401 East Capitol Street
Heritage Building, Suite 600
Jackson, MS 39201
(601) 968-5580 / (601) 968-5593
chr@wisecarter.com
jlb@wisecarter.com

*Attorneys for Defendant*

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Wisconsin Central Ltd. ("WCL"), pursuant to Fed.R.Civ.P. 56 and W.D. Mich. LCivR 7.2, moves this Honorable Court to enter summary judgment in its favor as to both counts within Plaintiff's Complaint (ECF No. 1, PageID.1-9). In support of this Motion, WCL states as follows:

1. In this Federal Employers' Liability Act ("FELA") case, Plaintiff claims that he injured his back on February 15, 2016, and again on May 5, 2017 because his employer, WCL, allegedly failed to provide him a reasonably safe workplace.

2. Under the FELA, 42 U.S.C. § 51, Plaintiff is required to prove all the common law elements of negligence, and his inability to do so makes summary judgment for WCL proper. *Van Gorder v. Grand Trunk Western R.R., Inc.*, 509 F.3d 265, 268-69 (6th Cir. 2007).

3. As for the first reported injury in February, 2016 (Count I), Plaintiff alleges his back "locked up" when he walked over and bent slightly intending to assist a co-worker in lifting a floor grate. Summary judgment on this Count is warranted because plaintiff admitted that (a) there is nothing unsafe about walking or bending slightly at his workplace, (b) his workplace was reasonably safe, and (c) the task he was performing was reasonably safe. There is also no evidence connecting Plaintiff's back "locking up" with any negligent act or omission of WCL. Plaintiff cannot, therefore, prove the breach of duty, foreseeability, or causation elements of his FELA claim.

4. As for the alleged injury in May, 2017 (Count II), Plaintiff was performing a task that is a normal activity for workers in his position. He has no evidence that performing this normal activity was not reasonably safe. Because Plaintiff has no evidence to support a claim that WCL breached a duty or could have foreseen he would be injured in performing this task, his FELA claim fails, and summary judgment is warranted.

5. There is no genuine issue of material fact and WCL is entitled to judgment as a matter of law.

6. In addition to the facts and law set forth in the supporting Brief, WCL relies upon the following exhibits to the Brief in support of the instant Motion:

| | |
|---|---|
| Exhibit 1: | Deposition of David Pepin taken on February 19, 2021 |
| Exhibit 2: | Deposition of David Pepin taken on May 28, 2021 |
| Exhibit 3: | Deposition of David Pepin taken on May 29, 2021 |
| Exhibit 4: | Excerpts from Transcript of Taped Interview of David Pepin on February 18, 2016 (which is Exhibit 9 to Plaintiff's February 19, 2021 deposition) |
| Exhibit 5: | Excerpts from Transcript of Taped Interview of David Pepin on May 15, 2017 (which is Exhibit 4 to Plaintiff's May 28, 2021 deposition) |
| Exhibit 6: | Form F-0475, Report of Personal Injury or Occupational Illness, signed by Plaintiff on May 15, 2017 (which is Exhibit 14 to Plaintiff's May 28, 2021 deposition) |
| Exhibit 7: | Pictures of tie plates and scrap piles (which is Exhibit 15 to Plaintiff's May 28, 2021 deposition) |
| Exhibit 8: | Trackman Job Description |
| Exhibit 9: | Deposition of Martin Gereau taken on June 15, 2021 |
| Exhibit 10: | Deposition of Jason Cappaert taken on June 15, 2021 |

7. Pursuant to W.D. MICH. LCIVR 7.1(d), WCL counsel confirmed with Plaintiff's counsel on June 29, 2021, that this motion will be opposed.

WHEREFORE, Defendant Wisconsin Central Ltd. respectfully requests this Court to grant Summary Judgment in its favor on both Counts of the Plaintiff's Complaint.

                                                             Respectfully submitted,

Dated: June 30, 2021                      By: /s/ *Charles H. Russell, III*
                                                             Charles H. Russell, III
                                                             Jeremy L. Birdsall
                                                             WISE CARTER CHILD & CARAWAY, P.A.
                                                             401 East Capitol Street
                                                             Heritage Building, Suite 600
                                                             Jackson, MS 39201
                                                             (601) 968-5580
                                                             chr@wisecarter.com
                                                             jlb@wisecarter.com

and

Mary C. O'Donnell (P33479)
WISE CARTER CHILD & CARAWAY, P.A.
28 West Adams Ave.
Grand Park Centre, Suite 1700
Detroit, MI 48226
(313) 552-3535
mco@wisecarter.com

*Attorneys for Defendant Wisconsin Central Ltd.*

## CERTIFICATE OF SERVICE

  I, Charles H. Russell, III, one of the attorneys for Defendant Wisconsin Central Ltd. hereby certifies that on the date shown below, I served the foregoing **Defendant's Motion for Summary Judgment** with the Clerk of the Court by using the Court's CM/ECF system which then will send notification of such filing upon all counsel of record. I declare that the statement above is true to the best of my knowledge and information.

  Dated: June 30, 2021          */s/ Charles H. Russell, III*
                     CHARLES H. RUSSELL, III