IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID PEPIN,

    Plaintiff,

                                            Case No. 2:19-cv-00042

v.

                                       Honorable Hala Y. Jarbou

WISCONSIN CENTRAL LTD, d/b/a CN,        Magistrate Judge Marteen Vermaat

    Defendant.

_____

| | |
|---|---|
| David L. Blunt<br>BLUNT SLOCOMB, LTD.<br>P.O. Box 373<br>Edwardsville, IL 62025<br>dlb@bluntlaw.com<br><br>Paul T. Slocomb<br>BLUNT SLOCOMB, LTD.<br>1115 Locust Street, 4th Floor<br>St. Louis, MO 63101<br>Phone: (314)753-4364<br>Fax: (314)231-0323<br>paulslocomb@yahoo.com<br><br>*Attorneys for Plaintiff* | Mary C. O'Donnell (P33479)<br>WISE CARTER CHILD & CARAWAY, P.A.<br>28 W. Adams Ave.<br>Grand Park Centre, Suite 1700<br>Detroit, MI 48226<br>(313) 552-3534<br>mco@wisecareter.com<br><br>Charles H. Russell III<br>Jeremy L. Birdsall<br>WISE CARTER CHILD & CARAWAY, P.A.<br>401 East Capitol Street<br>Heritage Building, Suite 600<br>Jackson, MS 39201<br>(601) 968-5580 / (601) 968-5593<br>chr@wisecarter.com<br>jlb@wisecarter.com<br><br>*Attorneys for Defendant* |

**PLAINTIFFS' MOTION IN LIMINE #1 TO EXCLUDE TIER I AND TIER II RAILROAD RETIREMENT BOARD TAXES FROM THE ANNUAL BASE INCOME FOR PURPOSES OF CALCULATING A FUTURE STREAM OF INCOME**

      COMES NOW PLAINTIFF, by and through his attorneys, Blunt Slocomb, Ltd., and before trial and the selection of the jury in the above-mentioned cause, moves this Court in limine, to instruct Defendants and their Counsel to abstain from and preclude them from using

any pleading, testimony, remarks, questions, arguments, opening, statements or evidence which might inform the jury that Tier I and Tier II taxes should be deducted from any wage loss analysis.

Under the FELA, Plaintiff is required to deduct income taxes when offering economic loss testimony. *Norfolk & Western Ry. Co. v. Liepelt,* 444 U.S. 490 (1980). The question becomes whether Tier I and Tier II RRB taxes should be deducted from the wage loss equation. Tier I and Tier II RRB taxes are used to fund Plaintiff's retirement. However, Plaintiff is not making a claim for pension loss and therefore Tier I and Tier II RRB taxes should not be deducted as part of the wage loss equation. Defendant should be precluded from eliciting such testimony.

The Railroad Retirement Act (RRA), 45 U.S.C. § 231 et seq., applies to railroad companies and their employees, and is administered by the RRB. 45 U.S.C. § 231f. The RRA provides railroad employees with benefits analogous to social security benefits. *Fountain v. RRB*, 88 F.3d 528, 530 (8th Cir. 1996) (analogizing RRB regulations to social security regulations); *Duckworth v. Allianz Life Ins. Co. of N. Am.*, 706 F.3d 1338, 1344 (11th Cir. 2013) ("The provisions of the [RRA] are so closely analogous to those of the Social Security Act that regulations and cases interpreting the latter are applicable to the former.") (internal quotations omitted).

The Railroad Retirement Tax Act (RRTA), 26 U.S.C. § 3201 et seq., is a subsection of the Internal Revenue Code (IRC). Retirement benefits paid through the RRA are funded through the RRTA. *Hance v. Norfolk So. Ry. Co.*, 571 F.3d 511, 522 (6th Cir. 2009). Under the RRTA, taxes are imposed on compensation earned by railroad employees. 26 U.S.C. § 3201(a)-(b). The RRTA implements a dual tax system, in which railroad employers must withhold their tax

shares, as well as their employees' tax shares, and then provide both shares to the Internal Revenue Service (IRS). *Id.* The first part of this dual system is "Tier 1." 26 U.S.C. §§ 3201(a), 3221(a). Tier 1 taxes are imposed against both railroad employee and railroad employer. 26 U.S.C. §§ 3201(a), 3221(a). They are analogous to taxes imposed on nonrailroad workers by the Federal Insurance Contributions Act (FICA). *BNSF Ry. Co. v. U.S.*, 745 F.3d 774, 780 (5th Cir. 2014). The second part of the dual system, "Tier 2," also imposes taxes against both railroad employee and railroad employer. 26 U.S.C. §§ 3201(b), 3221(b). "[Tier 2] benefits are similar to those that workers would receive from a private multi-employer pension fund." *Hance*, 571 F.3d at 522. RRTA taxes also include certain Medicare withholdings.

In *Rachel v. Consolidated Rail Corp.*, the Court noted:

> Pursuant to the Railroad Retirement Act of 1974, 45 U.S.C. § 231 et seq., the Railroad Retirement Board administers disability and retirement annuities for eligible railroad workers, paid from a fund maintained by the United States Treasury. The internal revenue code requires employees and employers alike to contribute tax payments to the annuity fund. 26 U.S.C. §§ 3201, 3221. Both employees and employers presently pay an amount equal to 7.65% of the employee's gross wage in "Tier I" taxes, which taxes sustain the Railroad Retirement Board Disability and Retirement Annuities that supplant social security benefits. The employee pays an additional 4.9% of his total compensation as a "Tier II" tax toward the retirement fund's pension component, and the employer adds an amount equal to 16.1% of the employee's compensation in Tier II taxes. Employees who meet certain minimum eligibility requirements may receive retirement or disability annuities equal to the old-age or disability insurance they would receive under the Social Security Act were they employed in a covered occupation. 45 U.S.C. § 231b(a)(1) & (2). Eligibility for increased retirement annuities (the pension component) depends upon the worker's age and years of service. 45 U.S.C. § 231a. The size of a retiree's annuity is measured as a fixed percent of his highest sixty months of compensation, with certain allowances made based on his years of service. 45 U.S.C. § 231b.

891 F.Supp 428, 429 (N.D.Oh. 1994).

The following cases are directly on point and support Plaintiff's position: *Rachel v. Consolidated Rail Corp.*, 891 F.Supp. 428 (N.D.Oh. 1994). *Ferren v. Amtrak*, 2001 WL 1607586, *11 (N.D. IL 2001); *Sloas v. CSX Transportation, Inc.,* 616 F.3d 380 (4th Cir. 2010);

*Stevensen v. Union Pacific Railroad Co.,* E.D. Ark., 4:07-CV-00522)(March 12, 2009); *Ramsey v. Burlington Northern & Santa Fe Railway Company*, 130 S.W.3d 646 (Mo.App.E.D. 2004); *Norfolk & Western Railway Company v. Chittum*, 468 S.E.2d 877 (Va. 1996); *CSX v Miller* 46 So 3d 434 (Al. 2010); *Maylie v. National Railroad Passenger Corp.*, 791 F.Supp. 477, 487 (E.D.Pa.1992) (*Liepelt* inapplicable to railroad retirement taxes), *aff'd* 983 F.2d 1051 (3rd Cir.1992).

The railroads persist in attempting to equate railroad retirement taxes with income taxes, by improperly applying the United States Supreme Court decision of *Norfolk & Western Ry. Co. v. Liepelt,* 444 U.S. 490 (1980). The Virginia Supreme Court addressed this very issue and soundly rejected this contention holding:

> The Supreme Court, however, has never held that Tier I and Tier II payments toward retirement are to be treated the same as federal and state income taxes and, therefore, deducted to establish net income. Nevertheless, building upon Liepelt, N & W asserts that the retirement payments are congressionally mandated federal taxes and, therefore, like income taxes, should be deducted from gross income in determining damages. We do not agree.
>
> Even though retirement payments are mandated by Congress, we do not equate them with income taxes. Furthermore, N & W has not cited, and we have not found, a single FELA decision from either a federal or a state court holding that such retirement payments should be deducted from gross income in calculating net income. We conclude, therefore, that the trial court did not err in rejecting N & W's contention.

*Norfolk & Western Railway Company v. Chittum*, 468 S.E.2d 877 (Va. 1996). Likewise, the Georgia Court of Appeals has flatly rejected attempts to deduct railroad retirement taxes in *CSX Transp., Inc. v. Levant*, 200 Ga. 856, 859-60 (1991)(*rev'd on other grounds, CSX Transp., Inc. v. Levant*, 417 S.E.2d 320, 262 Ga. 313 (1992)) and *Norfolk Southern Ry. v. Perkins*, 481 S.E. 2d 545, 552 (1997). In *Levant,* the Georgia Court of Appeals ruled that evidence of railroad retirement taxes was inadmissible under the *Eichel* decision. In *Perkins,* the Georgia Court of

Appeals extended its reasoning, holding that such matters were essentially a collateral source holding:

> The Railroad Retirement Act is substantially a Social Security Act for employees of common carriers. The benefits received under such a system of social legislation are not directly attributable to the contributions of the employer so they cannot be considered in mitigation of the damages caused by the employer.

In support of their argument that Tier I and Tier II taxes should be deducted from the base annual wage when calculating an income stream loss[1], Defendant relies upon factually distinguishable cases in which the Plaintiff has claimed a future lost retirement benefit. *Madore v. Ingram Tank Ships,* 732 F.2d 475 (5th Cir. 1984)*; Edwards v. A.T.S. & F. Ry*, 684 N.E.2d 919 (Ill. App. 1997); *Rachel v. Consolidated Rail*, 891 F.Supp. 428 (N.D. Ohio 1995). These holdings must be considered in context. In *Madore*, the court stated that RRB taxes should be deducted, unless they are *de-minimus* or there is an "articulated reason" not to deduct them. *Id.* at 479   In *Rachel* and *Edwards*, the plaintiff claimed lost railroad retirement benefits in the future. The courts correctly determined that in order to effectively calculate the lost benefit, you also had to deduct the burden of paying taxes into the railroad retirement system. The appropriate calculation, as determined by the courts, is the net loss of total benefits minus total taxes paid by the annuitant. Considered in context, these cases stand for the limited proposition that if you are claiming lost benefits, you must also shoulder the burden of the tax. In contrast, plaintiff is not seeking lost future RRB benefits and therefore, the deduction of railroad retirement taxes should not be considered.

In cases where the plaintiff is not claiming a lost future pension benefit, it is inherently unfair to deduct his tax contribution toward that benefit. The imbalance has also been recognized

---

[1] Defendant has filed its own Motion in Limine #5 asking the Court to require that Tier I and Tier II taxes be deducted from the annual base income for purposes of calculating the lost income stream.

in F.E.L.A. decisions. In *Maylie v. National Railroad Passenger Corp.*, 791 F.Supp. 477 (E.D. Pa. 1992) the same argument was advanced that the *Liepelt*, *Madore*, and similar case law, mandated that Railroad Retirement tax be deducted from the income stream. Judge Pollak in a well-reasoned opinion rejected this argument:

> I do not find the Social Security cases compelling[.] [U]nder the circumstances presented in this case, plaintiff's income should not be reduced by the amount of Railroad Retirement taxes that he would have been required to pay had he not been injured and continued working. Railroad Retirement taxes are paid into a fund from which Railroad Retirement benefits are paid out. See 45 U.S.C. §231n(a). Had plaintiff continued working until the age of sixty-two, and had plaintiff remained in defendant's employ during that time, he would have been eligible for an annuity upon his retirement paid from the fund into which his Railroad Retirement taxes had been paid. See U.S.C. §231(a)(1)(ii). It is undisputed that plaintiff is entitled to recover the value of lost future fringe benefits. *Cf.* Jones &Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 534 & n.12, 103 S.Ct. 2541, 2549 & n.12, 76 L.Ed2d 768 (1984)(lost fringe benefits "should be included in an ideal evaluation of the worker's loss"; these may include inter alia, retirement and pension plans) . . . It would be inappropriate to deduct from plaintiff's lost salary taxes that, in effect, represented plaintiff's contribution toward a pension without including as an item of damages, the value of that pension as an item of damages, it was not error to refuse to reduce plaintiff's lost wages by the amounts he would have had to pay in Railroad Retirement taxes.

*Id.* at 487-88. It is inappropriate to deduct the Plaintiff's Tier I and II Railroad Retirement taxes when Plaintiff does not seek losses for the Tier I and II annuity benefits and should not be penalized by deducting the taxes which would fund the lost benefit. Railroad Retirement Taxes should not be deducted, when the Plaintiff is not claiming lost railroad retirement benefits.

Contrary to Defendant's assertions, the *Loos* decision does not change the well-established law that Tier I and Tier II taxes should not be deduced if a pension loss is not claim. *Loos* involved the question of whether the employees' portion of the RRB taxes should be paid on that portion ascribed to wage loss damages after a jury verdict and judgment has been rendered. *BNSF Railway Company v. Loos*, 139 S.Ct. 893, 895 (2019). *Loos* did not address whether Tier I and Tier II taxes should be deduced from the annual base income for purposes of calculating a loss income stream called for in *Liepelt*. Indeed, Defendant's theory is apparently that Plaintiff

should have Tier I and Tier II taxes deducted on the front end of the equation when calculating the base annual income for the loss of stream of income calculation <u>and</u> then under *Loos*, have an award reduced again by those same taxes. There is no case law Defendant can point to that supports such an absurd conclusion.

 WHEREFORE, for the foregoing reasons, Plaintiff requests that this Motion in Limine be granted and that the Court rule that Tier I and Tier II taxes should not be deducted for purposes of calculating the base annual income for the loss of stream of income calculation.

          Respectfully Submitted,

Dated: September 3, 2021.    /s/ *Paul T. Slocomb*
          Illinois ARDC #: 6226129
          Blunt Slocomb, Ltd.
          1115 Locust Street, 4th Floor
          St. Louis, MO 63101
          PHONE (314) 753-4364
          FAX (314)231-0323
          paulslocomb@yahoo.com

## **CERTIFICATION REGARDING THIS MOTION IN LIMINE**

 The undersigned hereby certifies that he consulted with defendant's counsel to seek their consent to this Motion in Limine. Defendant's counsel would not consent.

 This Certification is submitted pursuant to W.D.Mich. LCivR 7.1(d).

          Respectfully Submitted,

          /s/ *Paul T. Slocomb*_____
          Blunt Slocomb, Ltd.
          1115 Locust Street, 4th Floor
          St. Louis, MO 63101
          PHONE (314) 753-4364
          FAX (314)231-0323
          paulslocomb@yahoo.com

## **CERTIFICATE OF SERVICE**

I hereby certifies that on the date shown below, I served the foregoing **Plaintiff's Motion in Limine to Exclude Tier I and Tier II Taxes** with the Clerk of the Court by using the Court's CM/ECF system which then will send notification of such filing upon all counsel of record. I declare that the statement above is true to the best of my knowledge and information.

/s/ *Paul T. Slocomb*